Pamela G. CLAPP, Plaintiff,

v.

John E. POTTER, Postmaster General,
United States Postal Service,
Defendant.

No. 1:04CV0098.

United States District Court,
M.D. North Carolina.

Aug. 18, 2004.

Romallus O. Murphy, Greensboro, NC,
for Plaintiff.

Joan Brodish Binkley, John W. Stone,
Jr., Office of U. S. Attorney, Greensboro,
NC, Paul T. Sosnowski, U.S.P.C. Law De-
partment, Philadelphia Field Office, Phila-
delphia, PA, for Defendant.

## MEMORANDUM OPINION

TILLEY, District Judge.

Plaintiff Pamela G. Clapp, a mail carrier for the United States Postal Service, brought this action alleging that her employer discriminated against her on the basis of her race and sex, and that her employer retaliated against her for filing a grievance, both in violation of federal law. This matter is currently before the Court on Defendant's Motion to Dismiss or in the Alternative for Summary Judgment. [Doc. # 5]. For the reasons set forth below, Defendant's Motion will be GRANTED and this case will be DISMISSED.

### I.

The facts, in the light most favorable to the Plaintiff, are as follows: At the time of all relevant events, Pamela G. Clapp worked as a mail carrier for the United States Postal Service in Greensboro, North Carolina ("USPS"). Shannon Stanley was Ms. Clapp's direct supervisor at USPS until February 20, 2002, when Kevin Chapman took over the supervisory position.

During Ms. Clapp's employment with USPS, USPS had a policy governing the lunch periods of its mail carriers. Specifically, a carrier could select up to three lunch locations based on the "reasonableness of location from the standpoint of suitable eating places, and in particular to the reasonableness of the distance from the route to the eating place." (Compl.¶ 7(a).) Until Mr. Chapman became Ms. Clapp's supervisor, Ms. Clapp had chosen to spend some of her lunch periods at Ghassan's Restaurant on Battleground Avenue. Other carriers delivering mail in the same general area as Ms. Clapp's mail route, namely "White males,

White females and Black males," also drove to restaurants on Battleground Avenue for lunch.

When Mr. Chapman took over the supervisory position, Ms. Stanley informed him that Ms. Clapp's lunch designation was a McDonald's in another part of town, and not Ghassan's. Ms. Clapp alleges that Ms. Stanley gave Mr. Chapman this information in retaliation for Ms. Clapp's earlier participation in a co-employee's grievance against Ms. Stanley. Mr. Chapman gave Ms. Clapp "an official discussion" for traveling to Ghassan's for lunch, but did not demote or otherwise punish this choice of lunch location. Ms. Clapp contends that the denial of her choice of lunch sites "makes it difficult for [her] to eat a balance [sic] meal and address health issues caused by excessive fast foods." (Compl.¶ 7(h).)

Ms. Clapp filed a charge of employment discrimination with the Equal Employment Opportunity Office,[1] and received a Notification of Right to Sue dated October 30, 2003. She filed a Complaint in this Court on January 30, 2003, claiming that USPS discriminated against her "with respect to hire, terms, conditions, and privileges of employment opportunities, the right to contract, and other adversely effect [sic] plaintiff's status as a citizen and employee," and that the USPS retaliated against her. (Compl.¶ 1.) These acts are alleged to be violations of Title VII of the Civil Rights Act of 1991 ("Title VII"). 42 U.S.C. § 2000e.

Defendant John E. Potter, Postmaster General, filed a Motion to Dismiss or in the Alternative for Summary Judgment on May 10, 2004. The basis for Mr. Potter's Motion is that Ms. Clapp has failed to

---

1. Ms. Clapp complained of another act of discrimination in her dealings with the Equal Employment Opportunity Commission, but did not raise this other issue in her Complaint. This Opinion is limited to the claims raised in the Complaint.

allege any adverse employment action as required by Title VII. Because this Court agrees that USPS did not take any adverse employment action against Ms. Clapp, Ms. Clapp has failed to state a claim under Title VII. Accordingly, the Defendant's Motion to Dismiss will be GRANTED and this case will be DISMISSED.

## II.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of her claims that entitle her to relief. *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir.1999). The Fourth Circuit has stated that "[u]nder the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the court to infer that all required elements of the cause of action are present." *Wolman v. Tose,* 467 F.2d 29, 33 n. 5 (4th Cir.1972).

## III.

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer ... to discriminate against any individual *with respect to his compensation, terms, conditions, or privileges of employment,* because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1) (emphasis added). To establish race or gender discrimination under Title VII, a plaintiff must first prove a prima facie case of discrimination by a preponderance of the evidence. *Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954 (4th Cir. 1996). If she succeeds in stating a prima facie case, the defendant has an opportunity to present a legitimate, non-discrimi-

natory reason for its employment action. *Id.* If the employer does so, the burden shifts back to the plaintiff to show that the proffered reason was merely a pretext for discrimination. *Id.*

In order to state a prima facie case of race or gender discrimination, a plaintiff must establish that: (1) she is a member of a protected class; (2) she performed her job satisfactorily; (3) she suffered an adverse employment action; and (4) that similarly-situated employees outside her protected class received more favorable treatment. *See, e.g., White v. BFI Waste Servs., LLC,* 375 F.3d 288 (4th Cir.2004).

As Ms. Clapp is a member of a protected class, and there are no allegations that she failed to perform her job satisfactorily, the primary issue in this case is whether Ms. Clapp suffered an adverse employment action. An adverse employment action is a discriminatory act which "adversely affects 'the terms, conditions, or benefits' of the plaintiff's employment." *Von Gunten v. Maryland,* 243 F.3d 858, 865 (4th Cir.2001) (*quoting Munday v. Waste Mgmt. of N. Am., Inc.,* 126 F.3d 239, 243 (4th Cir.1997)). A poor performance evaluation may lead to an adverse employment action if the employer uses that evaluation "to detrimentally alter the terms or conditions of the recipient's employment." *James v. Booz–Allen & Hamilton, Inc.,* 368 F.3d 371, 377 (4th Cir.2004) (citations omitted). However, a performance evaluation which merely causes "a loss of prestige or status" is not actionable. *Id.* The Fourth Circuit has said that "Congress did not intend Title VII to provide redress for trivial discomforts endemic to employment." *Boone v. Goldin,* 178 F.3d 253, 256 (4th Cir.1999).

In the instant case, Ms. Clapp argues that the formal discussion with Mr. Chapman in which he denied her the op-

**600**

tion to frequent a particular lunch spot made it difficult for her to eat a balanced lunch and "address health issues caused by excessive fast foods." Similarly, the sole basis for Ms. Clapp's claim of discriminatory retaliation is that her former supervisor told Mr. Chapman that McDonald's was Ms. Clapp's official lunch designation. This retaliatory act also purportedly denied Ms. Clapp the opportunity to eat a balanced lunch. Assuming that these allegations are true, there is no evidence that the right to eat a balanced lunch is a term or condition of employment with USPS.[2] Neither is there any evidence that USPS demoted or otherwise penalized Ms. Clapp for any reason related to her restaurant choice. Because Ms. Clapp has not demonstrated that she suffered an adverse employment action, the Defendant's Motion to Dismiss will be GRANTED and this case will be DISMISSED.

### JUDGMENT

For the reasons set forth in a contemporaneously filed Memorandum Opinion, Defendant's Motion to Dismiss or in the Alternative for Summary Judgment [Doc. # 5] is GRANTED. Accordingly, this case is DISMISSED.

---

**2.** While it is not the basis for this Court's decision, it is of interest to note that the Equal Employment Opportunity Commission dismissed Ms. Clapp's discrimination and retaliation claims for failure to state a claim on the basis that no adverse employment action was taken by USPS. *See* Appeal No. 01A34454 (Oct. 30, 2003).